EXHIBIT C - 1

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/09/2018_____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN ART FOUNDATION LIMITED,

    Plaintiff,

-against-

MICHAEL MCKENZIE, AMERICAN IMAGE ART, JAMIE THOMAS, and JAMES W. BRANNAN as Personal Representative of the Estate of Robert Indiana,

    Defendants.

MICHAEL MCKENZIE and AMERICAN IMAGE ART,

    Counter-Claimants,

-against-

MORGAN ART FOUNDATION LIMITED,

    Counterclaim Defendant.

JAMES W. BRANNAN as Personal Representative of the Estate of Robert Indiana,

    Counter-Claimant,

-against-

MORGAN ART FOUNDATION LIMITED, FIGURE 5 ART LLC, SHEARBROOK (US), LLC, RI CATALOGUE RAISONNÉ LLC, and SIMON SALAMA-CARO,

    Counterclaim-Defendants.

MICHAEL MCKENZIE and AMERICAN IMAGE ART,

    Cross-Claimants,

-against-

JAMIE THOMAS and JAMES W. BRANNAN as Personal Representative of the Estate of Robert Indiana,

    Crossclaim-Defendants.

18 Civ. 4438 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Crossclaim-Defendant James W. Brannan as Personal Representative of the Estate of Robert Indiana (the "Estate") moves to compel arbitration of the claims of Cross-Claimants

Case 1:18-cv-08175-ER Document 108 Filed 04/26/20 Page 2 of 13
Case 2:20-cv-02393-AT-BCM Document 1-3 Filed 07/15/20 Page 28 of 43 PageID #: 37

EXHIBIT C - 2

Michael McKenzie and American Image Art (together, "AIA") against it, and to stay this action with respect to those claims. Estate Mot., ECF No. 69. The Estate argues that a 2008 agreement between Robert Indiana ("Indiana") and AIA (the "Agreement") governs these claims, and that the agreement has a binding arbitration clause. Estate Mem. at 2–3, ECF No. 71.

AIA agrees to arbitrate its crossclaims against the Estate (with one exception, discussed below). AIA Mem. at 8–9, ECF No. 80. AIA also argues, however, that the Court should stay Plaintiff Morgan Art Foundation Limited's claims against AIA. *Id.* at 9–10. Plaintiff opposes AIA's request, arguing in part that the request—made for the first time in response to a motion concerning only AIA and the Estate's claims—was procedurally improper, and requesting a separate briefing schedule on the issue. ECF No. 83. AIA consents to a briefing schedule on the issue of staying Plaintiff's claims against it. ECF No. 90. AIA also requests that if the Court denies its request to stay Plaintiff's claims against AIA, the Court *not* stay any indemnification claim AIA may have against the Estate—*i.e.*, that it only grant a partial stay of AIA and the Estate's crossclaims. AIA Mem. at 10. AIA contends that if, under the Agreement, Indiana had improperly assigned rights to AIA that he had already assigned to Plaintiff under other, earlier agreements, the Estate may be liable for damages arising from AIA's infringement of those rights. *Id.*

Federal policy favors dispute resolution by arbitration. *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012). Where a valid agreement to arbitrate exists, a court must order the parties to proceed to arbitration, 9 U.S.C. § 4, and shall stay the court proceedings, *id.* § 3. The Agreement, which AIA and the Estate agree governs the claims between them, states that "[a]ny dispute will be settled by arbitration through the American Arbitration Association, governed by laws of the State of New York." Agreement, Tracey Decl. Ex. A at 7, ECF No. 70-1.[1] Furthermore, "language excluding certain disputes from arbitration must be 'clear and unambiguous' or 'unmistakably clear.'" *Wire Serv. Guild, Local 222 v. United Press Int'l, Inc.*, 623 F.2d 257, 260 (2d Cir. 1980) (citation omitted). AIA argues, however, that its indemnification claim "can be implied from the [Agreement] and addenda as well as from tort law," AIA Mem. at 10, and does not identify language in the Agreement that excludes from arbitration disputes over indemnification. Accordingly, the Court shall stay all crossclaims brought by AIA against the Estate, including indemnification claims.

The Court declines, however, to consider AIA's "informal motion" concerning Plaintiff's claims against it, improperly made for the first time in its response to the Estate's motion to compel arbitration of the claims between the Estate and AIA. *See Copeland ex rel. NBTY, Inc. v. Rudolph*, 160 F. App'x 56, 59 (2d Cir. 2005) (no abuse of discretion where district court denied "informal motion" made for the first time in an opposition brief). AIA makes this request without leave of Court, and in violation of Rule III.A.i of the Court's Individual Practices in Civil Cases, which states that "[a] pre-motion letter is required prior to the filing of any

---

[1] The text of the arbitration provision in the signed copy of the Agreement attached to the Estate's moving papers is illegible, but the Estate also attached an unexecuted, legible draft of the Agreement, and affirmed that the language concerning arbitration is identical in the two documents. *See* Tracey Decl. ¶ 4, ECF No. 70; Draft Agreement, Tracey Decl. Ex. B, ECF No. 70-2.

motion," with certain exceptions not relevant here.[2] The Court shall instead order a briefing schedule on this issue.

Accordingly, it is hereby ORDERED that:

1. The Estate's motion to compel arbitration of AIA's crossclaims against the Estate and to stay those claims in this proceeding, ECF No. 69, is GRANTED;
2. By **November 6, 2018**, AIA shall file its motion to stay Plaintiff's claims against it;
3. By **November 20, 2018**, Plaintiff shall file its opposition; and
4. By **December 4, 2018**, AIA shall file its reply, if any.

SO ORDERED.

Dated: October 9, 2018
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] The Court also notes that on August 10, 2018, AIA sought leave to file a motion to compel arbitration of the claims between it and Plaintiff. ECF No. 46. The Court granted AIA's request and ordered a briefing schedule, with AIA's motion due on September 7, 2018. ECF No. 53. Without explanation, AIA did not file this motion.