**EXHIBIT D - 1**

## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| JAMES W. BRANNAN, as Personal Representative of the Estate of Robert Indiana,<br><br>   Claimant/Counterclaim Respondent,<br><br>v.<br><br>MICHAEL MCKENZIE and AMERICAN IMAGE ART,<br><br>   Respondents/Counterclaimants. | )<br>)<br>)<br>)<br>)<br>)<br>)  AAA Case No. 01-19-0001-9789<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER NO. 2

### PROCEDURAL AND SCHEDULING ORDER FOLLOWING PRELIMINARY HEARING

Pursuant to the procedures of the American Arbitration Association ("AAA"), a preliminary hearing by telephone conference was held on April 7, 2020, commencing at 11:00 p.m. before Peter Brown, John M. Delehanty, and Richard L. Mattiaccio, Chair (collectively, the "Panel" or "Arbitrators"). Participating in the preliminary hearing were Edward P. Boyle and John C. Vazquez, Esqs., Venable, LLP for Claimant and John Simoni and Becky Baek, Esqs., Goetz Fitzpatrick LLP, for Respondents. This Order may be referred to herein as "PO2." Claimant and Respondents may be collectively referred to as the "Parties. Terms defined in PO1 are incorporated herein by reference.

### I.    JURISDICTION; PARTIES; LAW AND RULES

    1.    During the preliminary hearing, counsel for the Parties:

        a.    Confirmed that the Panel has jurisdiction to decide all claims and defenses asserted in this arbitration;

      b.      Agreed that Claimant and Respondents are proper parties and that no other parties need be joined to this arbitration;

      c.      Confirmed that: (i) the substantive law of New York applies to the claims and counterclaims asserted in this arbitration and any U.S. federal law claims are governed by federal law; (ii) this arbitration is governed by the Federal Arbitration Act; (iii) this arbitration is properly administered under the Commercial Arbitration Rules of the American Arbitration Association and its Procedures for Large, Complex Commercial Disputes (the "Rules").

2. The confirmed members of the Panel are as follows:

   a. Peter Brown, Esq.
      Peter Brown & Associates PLLC
      260 Madison Avenue, 16th Floor
      New York, New York 10016
      Tel: 212-939-6440
      E-mail: pbrown@browntechlegal.com

   b. John M. Delehanty, Esq.
      Delehanty Resolutions, LLC
      133 Woodlawn Avenue
      New Rochelle, New York 10804
      Tel: 914-645-3711
      E-mail: john@delehantyresolutions.com

   c. Richard L. Mattiaccio, FCIArb, C Arb, Chair
      Allegaert Berger & Vogel, LLP
      120 Broadway, 20th Floor
      New York, New York 10006
      Tel: 212-616-7085
      E-mail: rmattiaccio@abv.com

**II.  PROCEDURES AND SCHEDULE**

1. The following specific procedures and schedules are in effect as the procedural calendar in this case:

| Respondent shall file any amended pleading by this date | April 22, 2020 |
|---|---|

| | |
|---|---|
| The Parties shall exchange document requests by this date; document requests shall be specific and non-burdensome | May 15, 2020 |
| The Parties shall submit a jointly proposed Confidentiality Order, including any provisions related to cyber-security, or their disputes with respect to a proposed order including proposed text, by this date | June 10, 2020 |
| The Parties shall exchange formal Responses and any Objections to Document Requests by this date | June 10, 2020 |
| Counsel for the Parties shall meet and confer by this date on their respective Responses and Objections to Document Requests | June 17, 2020 |
| Each Party shall produce by this date the documents that (a) each Party has agreed to produce in response to document requests, and (b) the documents the producing Party currently intends to rely on in support of position(s) it has taken in the case (the latter may be referred to as reliance documents) | July 1, 2020 |
| The Parties shall file by this date their Redfern Schedules (see this PO2, *infra* and Annex 1 hereto) setting forth their document discovery disputes, if any | July 15, 2020 |
| By this date counsel shall meet and confer regarding appropriateness of Party fact depositions and shall submit a joint letter or separate letters to the Panel requesting leave to take any such depositions, including proposed number and length of depositions and an explanation of the need for and utility of each proposed deposition | July 22, 2020 |
| **Telephone Conference re: document discovery disputes, if any.** The Case Manager is requested to distribute a call-in number and Outlook calendar appointments to counsel and the Panel | **July 27, 2020, 11:00 a.m.** |
| Production of all documents that the Parties have agreed or have been ordered to produce shall be completed by this date | August 5, 2020 |

| | |
|---|---|
| Any and all fact depositions allowed by the Panel shall be completed by this date | September 25, 2020 |
| Expert witness disclosures (if any) setting forth subject matter in level of detail provided in this PO2, *infra* | October 9, 2020 |
| The Parties shall submit a joint letter not to exceed ten pages or exchange and submit separate letters not to exceed five pages each, regarding the appropriateness of dispositive motions, including a proposed schedule for submission of any such motions, opposition papers and, if any, reply papers | October 9, 2020 |
| If allowed, summary judgment motion(s) shall be fully briefed by this date | November 11, 2020 |
| The Parties shall notify the Panel and Case Manager of the location of the evidentiary hearing in New York, New York. The Case Manager is requested to issue a formal Notice of Hearing once the Parties have confirmed the location of the hearing. | November 20, 2020 |
| The Parties shall submit to the Panel by this date a contingency plan for the use of technology to conduct remotely (i) the evidentiary hearing and (ii) any deposition or third-party summons that may be allowed in this case | November 20, 2020 |
| **A Panel and Counsel Pre-Hearing Telephone Conference shall take place at this time.** The Case Manager is requested to distribute a call-in number and Outlook calendar appointments to counsel and the Panel | **December 9, 2020, 11:00 a.m.** |
| The Parties shall exchange and file: (i) Fact Witness Lists (including a detailed summary of contemplated testimony, anticipated time for direct, and anticipated order of witnesses), and (ii) a list of pre-marked proposed hearing exhibits identified by exhibit number, document production numbers and description | January 22, 2021 |
| The Parties shall exchange and file applications (if any) for third-party summons for document production and/or testimony at the evidentiary hearing | January 29, 2021 |

| | |
|---|---|
| The Parties meet and confer by this date to agree on a separately bound set of Joint Exhibits to minimize duplication of exhibits | February 5, 2021 |
| The Parties shall exchange and file Expert Reports, if any; expert reports shall comply with the requirements of this PO2, *infra* | February 10, 2021 |
| The Parties shall exchange and file Rebuttal Expert Reports, if any | February 23, 2021 |
| The Parties shall exchange and file Pre-Hearing Memoranda not to exceed 3,500 words of main text unless otherwise authorized in advance by the Panel, and in the format required by this PO2, *infra* | February 24, 2021 |
| The Parties shall exchange and file Pre-Marked Hearing Exhibits and Stipulation of Facts | February 24, 2021 |
| **A Final Pre-Hearing Status Telephone Conference shall take place at this time.** The Case Manager is requested to distribute a call-in number and Outlook calendar appointments to counsel and the Panel | **March 1, 2021, 11:00 a.m.** |
| **Evidentiary Hearing Dates shall take place on these consecutive dates until the hearing is completed.** | **March 8, 9, 10, 11, 12, 22, 23, 24, 25 and 26, 2021** |
| The Parties shall exchange and file Post-Hearing Memoranda not to exceed 10,000 words of main text (*i.e.,* excluding caption, table of contents, table of authorities, and signature blocks) | May 7, 2021 |
| The Parties shall exchange and file Post-Hearing Reply Memoranda not to exceed 5,000 words of main text | May 21, 2021 |

2. Counsel for the Parties are directed to inform their clients that the Panel has ordered an arbitration hold which applies to describe the scope of the hold, and that the clients should take all steps necessary to prevent the destruction of documents, both paper and electronic. If any Party has an automatic document deletion/destruction program in place that system should be overridden

until this case is completed

3. <u>COVID-19 Contingency Plan</u>: In the interests of avoiding a conflict between two compelling interests, namely the safety of the participants in this arbitration and providing the Parties with an expeditious resolution of the disputes submitted to this Panel, the Parties shall meet and confer to develop a contingency plan for the use of technology to conduct any deposition or third-party summons allowed in this case and the evidentiary hearing itself to the extent necessary or desirable to protect the health of all involved. The Parties shall submit their COVID-19 Contingency Plan to the Panel within the time provided in the schedule set forth in this PO2.

4. Claimant requested a reasoned award at the preliminary conference. Respondents joined in the request in a letter dated April 10, 2020. The Panel reserves decision as to the form of award.

5. The Parties will engage and, subject to reapportionment in the Award, will share equally the costs of a court reporter to make a transcript of the proceedings in English. The transcript shall constitute an official record of the proceedings. Transcripts, including word indexes and a list of exhibits discussed on the record with corresponding page references, should be provided to the Panel in searchable electronic format as the transcripts become available to counsel for the parties.

6. The Panel expects the time and expense devoted to this matter by the Parties and counsel in all phases of this arbitration (including discovery) to bear a reasonable relationship to what is at stake and the requested relief so that the Parties and counsel may realize the arbitral advantages of expedition and economy as well as fairness.

7. The Parties are free to change counsel at any time subject to incoming counsel clearing conflicts with the Panel. Absent extenuating circumstances as determined by the Panel,

a change of counsel by either Party will not be sufficient grounds for obtaining any postponement of the evidentiary hearing or excuse the Party or its new counsel from compliance with all Orders previously entered by the Panel.

### III. GENERAL PROVISIONS

1. <u>Expedited Written Communications</u>

   i. Counsel for the Parties may submit written communications directly to the Panel with simultaneous copy to all other counsel.  Written communications shall be by e-mail with attachments, with confirmation copy of all communications exceeding ten (10) pages (including attachments) sent to the Panel in hard copy with appropriate indices and tabs for exhibits.

   ii. Any memoranda of law shall be accompanied by a table of contents and authorities, and by copies of all case law and other authorities cited, in pdf format.

   iii. Unless the Panel otherwise expressly indicates in writing, deadlines will be satisfied (i) by transmitting electronic copies by 6:00 p.m. New York time on the date of the deadline and (ii) when paper copies are called for under this PO2 or subsequent instructions provided by the Panel, by hand delivery or depositing paper copies with a courier on the same date.

   iv. Copies of all transmittal letters or e-mails <u>without</u> attachments, exhibits or enclosures shall be sent by contemporaneous e-mail only to the Case Manager, unless the Case Manager provides other instructions.

2. <u>Pre-Hearing Exchange of Documents and Other Information</u>

   a. Each Party may request the production of documents from the other Party in accordance with the schedule set forth in Section II. 1 of this PO2. Requests for the production of documents shall be in writing.  The requests shall be specific and not unreasonably burdensome

on the producing Party. Unless the requested Party objects to production, it shall produce the requested documents on a rolling basis and shall complete the production within the time limit set forth in the schedule.

      b.     If the requested Party objects to production, it shall submit a response stating which documents or class of documents it objects to producing. The response shall state the reasons for each objection and shall indicate the documents, if any, that the Party would be prepared to produce instead of those requested. Subsequently, the requesting Party shall respond to each of the other Party's objections, indicating, with reasons, whether it disputes any such objection.

      c.     Counsel for the Parties shall meet and confer to seek agreement on production requests.

      d.     To the extent that the Parties cannot reach agreement, counsel shall submit all outstanding requests to the Panel for decision. Document production requests submitted to the Panel for decision, together with objections and responses, must be in tabular form pursuant to the model appended to this PO2 as Annex 1 (the "Redfern Schedule"). The Parties shall use the Redfern Schedule format throughout their exchange of requests, objections, and responses. Each Party should supply the description contained in the Redfern Schedule of its position with regard to each document request in dispute. The descriptions in the Redfern Schedule should be succinct but comprehensive. Any other correspondence or documents exchanged by the Parties regarding document requests, responses or exchanges shall not be copied to the Panel. The Redfern Schedules shall provide a stand-alone presentation of the Parties' positions in dispute.

      e.     Documents ordered by the Panel to be disclosed shall be produced within the time limit set forth in in Section II. 1 of this PO2 unless the Panel otherwise directs.

    f.  Should a Party fail to produce documents as ordered by the Panel, the Panel may draw the inferences it deems appropriate, including adverse inferences as to the merits, taking into consideration all relevant circumstances.

    g.  Documents produced shall not be considered part of the evidentiary record unless and until a Party subsequently submits them to the Panel as a pre-marked exhibit introduced by one of its written submissions in accordance with the procedural calendar.

    h.  Pursuant to the Rules, the Panel may also, on its own motion, request the production of documents.

  3. <u>Motions and Applications; Pre-Hearing Filings; The Hearing</u>

    No Party may file any motion or other application for relief, including but not limited to dispositive motions, without first submitting a letter to the Panel not to exceed five pages for dispositive motions or three pages for other motions or applications: setting forth (i) the nature of the motion that the Party proposes to file, (ii) a brief statement of the factual and legal bases for such motion, (iii) a confirmation that there are no factual issues that would be material to the determination of the motion, (iv) a representation that the requesting Party has conferred in good faith with the opposing Party about the proposed motion or application, (v) an explanation as to why the motion or application is likely to succeed, (vi) a description of how resolution of the motion or application would advance the efficient resolution of this arbitration, and (vii) a request for leave from the Tribunal to file such motion or application.  Upon the submission of such a letter, the other Party shall have five business days (or such other period as the Panel may determine) to file a responsive letter subject to the same page limitations as the letter seeking leave.  No reply letter may be filed except at the request of the Panel.  The Panel will determine whether or not to grant leave based on the letters submitted in accordance herewith or, at the Tribunal's

discretion, following a conference call.

    4.   <u>Evidence and Legal Authorities.</u>

        a.   All pre-hearing submissions of witness lists and statements, expert reports and any supporting schedules or appendices, pre-marked exhibits, memoranda of law and legal authorities cited, and stipulations of fact (the "Pre-hearing Submissions") shall be submitted to the Panel on the due date for submission or exchange of such documents between the Parties, in searchable PDF format, unless the Panel requests otherwise or any individual Panel member requests a different format for his copy. Memoranda of law are to be provided in Microsoft Word as well as PDF format. A full hard copy set shall be provided to the Panel at the time and in the format provided below.

        b.   A hard copy set of all Pre-hearing Submissions will be made available to the Panel at the evidentiary hearing in double-sided, indexed, tabbed and spiral bound volumes, in letter-size format except that the pre-marked hearing exhibits are to be made available to the Panel in A-5 format.

        c.   The Parties shall include in their Pre-hearing Submissions all of the documentary evidence and authorities on which they intend to rely in support of the factual and legal arguments they assert or seek to advance in the case, in the form of summaries of fact witness testimony, expert reports, pre-marked documentary exhibits, or legal argument or authorities. Copies of legal authorities will be due three days following submission of the corresponding legal memoranda.

        d.   The Parties shall submit their filings and submissions to the Panel only once, unless the Panel requests otherwise. For example, documents submitted as pre-marked exhibits should not be submitted as attachments to expert reports, even if reference is made to those

documents in such statements or reports; a reference to the exhibit number or document number using the uniform citation form provided below will be sufficient.

   e. If the Panel, in the exercise of its discretion, allows rebuttal evidence, such evidence shall be limited to matters raised in the other Party's most recent submission.

   f. A Party may request permission to submit additional or rebuttal evidence but may not attach the additional evidence being proposed with its application unless authorized in advance to do so by the Panel. If the Panel grants leave for the submission of such evidence, the other Party will have an opportunity to submit rebuttal evidence.

   g. The Parties shall identify each exhibit submitted to the Panel with a distinct number. Each exhibit submitted by the Claimants shall begin with a letter "C" followed by the applicable number (i.e., C-1, C-2, etc.); each exhibit submitted by the Respondent shall begin with a letter "R" followed by the applicable number (i.e., R-1, R-2, etc.). The Parties shall use sequential numbering of exhibits throughout the proceedings.

   h. All pre-marked exhibits submitted to the Panel shall be deemed to be authentic and complete unless a Party within a reasonable time disputes its authenticity or completeness and submits its evidence showing the extent to which the document is not authentic or complete.

   i. Legal authorities shall be submitted in PDF format only unless the Panel or an individual member of the Panel expressly requests hard copy.

 5. <u>Hearing Witnesses</u>

   a. The Parties may call any person, including a Party or a Party's officer, employee, or other representative, to present relevant evidence as a fact witness subject to the Panel's discretion to limit duplicative testimony and to manage the proceedings in a reasonably

efficient manner. The Parties shall cooperate to avoid hearing down-time between witnesses.

    b.    The Panel may on its own initiative, or, in the Panel's discretion, at the request of a Party, summon any witness within the Panel's subpoena power to appear and testify at the evidentiary hearing.

    c.    Each Party shall advance the costs of appearance of its own witnesses whether for direct or cross-examination. The Panel will decide upon the appropriate allocation of such costs in its final award.

    d.    Any proposed third-party summons shall conform to applicable law and, to the extent appropriate, to the recommendations made in the NY City Bar Association Report found at https://www.nycbar.org/member-and-career-services/committees/reports-listing/reports/detail/a-model-federal-arbitration-summons-to-testify-and-present-documentary-evidence-at-an-arbitration-hearing.

6.    <u>Control of the proceedings</u>

    a.    The Panel shall have control over the hearing procedures at all times and to the full extent provided under the Rules.

    b.    The Panel may, *inter alia*, in its discretion, (i) refuse to hear a witness if it considers that the testimony would be duplicative of evidence already in the record or not relevant to any of the issues in controversy; <u>(ii)</u> limit or refuse the right of a Party to examine a witness when it appears that a question has been addressed by other evidence or is irrelevant; or <u>(iii)</u> direct that a witness be recalled at any time for further examination.

7.    <u>Fact witness presence at the evidentiary hearing</u>

    a.    Unless the Parties agree otherwise, prior to their examination, a fact witness shall not be present in the hearing room during the hearing of oral testimony, discuss the testimony of any other witness, or read any transcript of any oral testimony, except that each Party may have one representative present at all times, unless the Panel directs otherwise in exceptional

circumstances.

    8.    <u>Experts</u>

    a.    Each Party may retain and submit the evidence of one or more experts. All such experts shall submit expert reports as provided herein and by the due date for such filings.

    b.    Expert reports shall be accompanied by any documents or information upon which the experts rely, unless such documents or information have already been submitted as pre-marked hearing exhibits, in which case the expert should only refer to exhibit numbers.

    c.    The provisions set out in this PO2 regarding fact witnesses shall apply as well to experts, except that expert witnesses may be present in the hearing room whenever testimony is being adduced unless the Parties otherwise agree or the Panel directs otherwise in exceptional circumstances.

    d.    Expert reports shall contain the following:

    i.    A complete statement of all opinions the witness will express and the basis and reasons for the opinions the witness;

    ii.    The facts or data considered by the witness in forming the opinions the witness;

    iii.    References to pre-marked exhibits and copies of any other documents on which the witness relies in rendering any opinion;

    iv.    Copies of any compilations, charts, graphs, tables, etc. that will be used to summarize or support the opinions the witness;

    v.    The witness's qualifications, including a list of all publications authored in the previous 10 years;

    vi.    A list of all other cases in which, during the previous 4 years, the

witness testified as an expert at an arbitration hearing, at trial in any court, in deposition or in any administrative proceeding; and

      vii.    A statement of all compensation arrangements and the compensation to be paid for study and testimony in connection with this arbitration.

    e.    The Panel may engage one or more Panel experts provided that, before doing so, the Panel will consult with the Parties as to the terms of engagement, scope of work, and procedures to all the Parties an opportunity to review, comment on or otherwise respond to any work product submitted to the Panel by any such expert.

    9.    <u>Demonstrative Exhibits</u>

    a.    Demonstrative exhibits in aid of argument, including the use of whiteboards and PowerPoint slides, may be used by any Party during the hearing, provided that those materials fairly illustrate evidence in the record and do not introduce new evidence, directly or indirectly, and further provided that the admitted evidence from which the referred information originates is clearly identified on the demonstrative. The Party submitting demonstrative exhibits shall provide hard and electronic copies to opposing counsel, the Panel and the court reporter and, if applicable, to any interpreters, not later than 24 hours before it is first proffered to the Panel, unless the Panel expressly authorizes such later submission based on a showing of good reason or lack of prejudice to the other Party.

    10.    <u>Introduction of Evidence for the First Time at the Evidentiary Hearing</u>

    a.    The Panel reserves the discretion not to allow into evidence documents or testimony that was not fairly disclosed to any opposing Party in advance of the evidentiary hearing.

    b.    Any Party that holds back evidence beyond the applicable deadline for exchange or submission of such evidence assumes the risk that the withholding Party will be

precluded from using such evidence for any purpose and may be sanctioned to the extent allowed under the Rules. An exception may be made for non-prejudicial evidence unrelated to the merits of the case and highly probative of veracity or lack thereof that a Party may seek to introduce either (i) on cross-examination solely for purposes of impeaching the credibility of the witness or (ii) on re-direct to rehabilitate the witness as to credibility. The use of such documents, if allowed in the Panel's discretion, will be limited in terms of scope and in terms of hearing time that may be spent on such matters.

   c. Should the Panel in exceptional circumstances grant leave to a Party to present new evidence in the course of the evidentiary hearing, the other Party will be given a reasonable opportunity to introduce new evidence in rebuttal.

  11. <u>Confidentiality/Cybersecurity</u>

   a. If any Party seeks confidential treatment by the other Party or by any counsel, fact or expert witnesses of information to be exchanged in the course of this arbitration, counsel for the Parties shall meet and confer in a good faith effort to enter into a confidentiality agreement governing the arbitration. The Panel will consider any application for issuance of a confidentiality order, whether by agreement or otherwise, prior to production of the information for which confidentiality protection is sought.

   b. If any Party should have any cyber-security concerns related to the exchange in this arbitration of electronic data including communications, or regarding the receipt and maintenance by the Panel of such data, counsel for the Parties shall meet and confer, prior to the transmission of such data, in a good faith attempt to develop a mutually acceptable method of transmission and maintenance of data and shall present their proposal(s) to the Panel in a timely manner for the Panel's determination.

12.    <u>Enforcement of Deadlines and Hearing Dates</u>

a.    The Parties may agree to adjust deadlines without seeking leave of the Panel on condition that such adjustments will not affect the scheduling of (i) conferences with the Panel, (ii) the scheduled filing of written submissions to the Panel, or (iii) evidentiary hearing dates, and provided that counsel for the Parties promptly notify the Panel of any such adjustments.

b.    The evidentiary hearing dates set by the Panel with the agreement of the Parties in this PO2 will be strictly enforced and will not be adjourned except on a showing of good cause.  The Panel will not consider to be good cause for adjournment any competing commitments of a Party arising from or related to the foreseeable conduct of its business or vacation plans or any conflicting commitments of counsel in any judicial, administrative, arbitral or other proceedings or activities related to the practice of the legal profession.

13.    <u>Continued Obligations Regarding Disclosures</u>

The Parties and their counsel are under a continuing obligation, at any stage of the proceedings, to bring to the attention of the Case Manager and not directly to the Panel members any information that may require disclosure as soon as they become aware of any such information.

14.    <u>Continued Effect of Order</u>

This order and PO1 shall continue in effect unless and until expressly amended or superseded by any subsequent order or ruling of the Panel.

Date:  April 13, 2020

*Richard L. Mattiaccio*
_____
Richard L. Mattiaccio, Chair
  For the Panel

# EXHIBIT D - 17

**Annex PO2**

AAA Case No. 01-19-0001-9789

**Model Redfern Schedule for Document Requests**

| No. | Documents or category of documents requested (requesting Party) | Relevance and materiality, incl. references to submission (requesting Party) | | Reasoned objections to document production request (objecting Party) | Response to objections to document production request (requesting Party) | Decision (Panel) |
|---|---|---|---|---|---|---|
| | | References to Submissions, Exhibits, Witness Statements or Expert Reports | Comments | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |