# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba, <br><br> Plaintiff, <br><br> v. <br><br> JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine <br><br> Defendants. | Civil Action No.: 2:20-cv-00262-NT |

**DEFENDANT JAMES W. BRANNAN'S ANSWER TO THE VERIFIED COMPLAINT**

NOW COMES the Defendant James W. Brannan ("Defendant Brannan"), as personal representative of the Estate of Robert Indiana (the "Estate"), by and through undersigned counsel, and responds to the allegations contained in Plaintiff's Verified Complaint (the "Complaint") as follows:

## Introduction

1. Defendant Brannan denies the allegations contained in Paragraph 1 of the Complaint, except admits that Robert Indiana was an artist who lived in Vinalhaven, Maine, until his death in 2018 and that his artwork created certain assets, all of which he willed to Star of Hope, a Maine-based charity.

2. Defendant Brannan denies the allegations contained in Paragraph 2 of the Complaint, except admits that after Robert Indiana's death, a dispute arose between the Estate and Plaintiff in relation to certain contract production rights and other issues involving some of Indiana's artwork that there was litigation commenced in the U.S. District Court for the Southern

District of New York which was then referred to arbitration in New York, and that Attorney General Frey, whose office has supervisory authority over Maine-based charities, requested that the parties submit their disputes to mediation and that resulted in a mediation in Maine.

3. Defendant Brannan denies the allegations contained in Paragraph 3 of the Complaint, except admits that there was a mediation held in Portland, Maine on November 25 and 26, 2019, that there was a term sheet executed at the mediation ("2019 Term Sheet"), and refers to the 2019 Term Sheet for a complete statement of its terms.

4. Defendant Brannan denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant Brannan denies the allegations contained in Paragraph 5 of the Complaint and/or states that such allegations are legal conclusions to which no response is necessary.

**The Parties**

6. Defendant Brannan is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 6 of the Complaint and therefore denies the same.

7. Defendant Brannan admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant Brannan denies the allegations contained in Paragraph 8 of the Complaint, except admits the Star of Hope, Inc. is a Maine nonprofit corporation organized under the Maine Nonprofit Corporation Act.

9. Defendant Brannan is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 9 of the Complaint and therefore denies the same.

### Jurisdiction and Venue

10. The allegations contained in Paragraph 10 of the Complaint are legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant Brannan denies the same.

11. The allegations contained in Paragraph 11 of the Complaint are legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant Brannan denies the same.

### Background[1]

12. Defendant Brannan denies the allegations contained in Paragraph 12 of the Complaint, except admits that Robert Indiana was originally from the Midwest, lived in New York, and moved to Vinalhaven, Maine where he lived until his death on May 19, 2018, that he created famous pieces of art, and that Plaintiff inserted what appears to be a photograph of one of those pieces into Paragraph 12.

13. Defendant Brannan admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant Brannan denies the allegations contained in Paragraph 14 of the Complaint, except admits that Robert Indiana entered into the 2008 Agreement for Art Editions, and that Plaintiff has inserted what appears to be a copy of an artwork into Paragraph 14.

15. Defendant Brannan admits the allegations contained in Paragraph 15 of the Complaint.

---

[1] The allegations contained in the headings of the Complaint are legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant Brannan denies the same.

16. Defendant Brannan denies the allegations contained in Paragraph 16 of the Complaint, except admits that the records of the Knox County, Maine, Probate Court speak for themselves.

17. Defendant Brannan denies the allegations contained in Paragraph 17 of the Complaint, except admits that Robert Indiana left his entire estate to Star of Hope, Inc., a Maine nonprofit corporation, and that Star of Hope, Inc. will have a positive effect on the Vinalhaven community and the State of Maine as a whole.

18. Defendant Brannan denies the allegations contained in Paragraph 18 of the Complaint, except admits the Robert Indiana entered into the 2008 Agreement for Art Editions with Plaintiff, that the Agreement was renewed, and that the Estate (and/or the Star of Hope) holds all the rights and obligations of Robert Indiana under the 2008 Agreement.

19. Defendant Brannan admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant Brannan denies the allegations contained in Paragraph 20 of the Complaint, except admits that Morgan Art Foundation filed a complaint entitled *Morgan Art Foundation Limited v. Michael McKenzie, American Image Art, and James W. Brannan as Personal Representative of the Estate of Robert Indiana, et al.*, 2018-cv-04438 (S.D.N.Y.) against Michael McKenzie in 2018 (the "New York Litigation").

21. Defendant Brannan denies the allegations contained in Paragraph 21 of the Complaint, except admits that the records of the New York Litigation speak for themselves, that the 2008 Agreement has an arbitration provision, which agreement speaks for itself, and, and that the Honorable Alicia Torres ordered that Michael McKenzie's cross-claims be compelled to arbitration.

22. Defendant Brannan denies the allegations contained in Paragraph 22 of the Complaint, except admits that the records of the New York Litigation speak for themselves and that Exhibit D is a copy of the Arbitration Panel's Procedural and Scheduling Order, which document speaks for itself.

23. Defendant Brannan denies the allegations contained in Paragraph 23 of the Complaint, except admits that the Arbitration Schedule and the procedural rules of the arbitration speak for themselves.

24. Defendant Brannan denies the allegations contained in Paragraph 24 of the Complaint, except admits that the Estate's Interim Probate Account and the Arbitration Schedule speak for themselves.

25. Defendant Brannan denies the allegations contained in Paragraph 25 of the Complaint, except admits that Maine Revised Statutes Title 5, §194 and speaks for itself, that the Maine Attorney General was concerned about the costs of litigation and its impact on Star of Hope, Inc., and that the Estate participated in a mediation with Plaintiff.

26. Defendant Brannan denies the allegations contained in Paragraph 26 of the Complaint, except admits that a mediation between the Estate and Plaintiff took place on November 25 and 26, 2019, with Patrick Coughlan and representatives of the Attorney General's office, and said mediation produced the 2019 Term Sheet.

27. Defendant Brannan denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant Brannan denies the allegations contained in Paragraph 28 of the Complaint, except admits that the 2019 Term Sheet contains the quoted language and other terms,

refers to the 2019 Term Sheet for a complete statement of its terms, and that the entire 2019 Term Sheet speaks for itself.

29. Defendant Brannan denies the allegations contained in Paragraph 29 of the Complaint, except admits that the 2019 Term Sheet contains the quoted language and other terms, refers to the 2019 Term Sheet for a complete statement of its terms, and that the entire 2019 Term Sheet speaks for itself.

30. Defendant Brannan denies the allegations contained in Paragraph 30 of the Complaint, except admits that Plaintiff appears to have quoted a November 29, 2019 email, refers to the entire email for a complete statement of its terms, and that entire email speaks for itself.

31. Defendant Brannan denies the allegations contained in Paragraph 31 of the Complaint, except admits that the parties jointly pursued the New York Arbitration.

32. Defendant Brannan denies the allegations contained in Paragraph 32 of the Complaint.

## **Claims**

### **(Count 1 – Declaratory and Injunctive Relief)**

33. Defendant Brannan realleges and reaffirms his responses to the foregoing Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. The allegations contained in Paragraph 34 of the Complaint are legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant Brannan denies the same.

35. Defendant Brannan denies the allegations contained in Paragraph 35 of the Complaint, except admits that McKenzie is asserting that the 2019 Term Sheet is an enforceable

contract and that Plaintiff is seeking relief as set forth in Paragraph 35 of the Complaint, but denies that Plaintiff is entitled to such relief.

36. The allegations contained in Paragraph 36 of the Complaint are legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant Brannan denies the same.

37. The allegations contained in Paragraph 37 of the Complaint are legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendant Brannan denies the same.

38. Defendant Brannan denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant Brannan denies the allegations contained in Paragraph 39 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

As and for a First Affirmative Defense, the Complaint fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

As and for a Second Affirmative Defense, the Complaint is barred by the doctrine of estoppel and/or judicial estoppel.

### **Third Affirmative Defense**

As and for a Third Affirmative Defense, the Complaint is barred by the doctrine of waiver.

**Fourth Affirmative Defense**

As and for a Fourth Affirmative Defense, the Complaint is barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

As and for a Fifth Affirmative Defense, the Complaint is barred, in whole or in part, by a failure of consideration.

**Sixth Affirmative Defense**

As and for a Sixth Affirmative Defense, the Complaint is barred in whole or in part by the doctrine of fraud.

**Seventh Affirmative Defense**

As and for a Seventh Affirmative Defense, the Complaint is barred in whole or in part by the doctrine of laches.

**Eighth Affirmative Defense**

As and for an Eighth Affirmative Defense, the Complaint is barred in whole or in part by the doctrine of the statute of frauds.

**Ninth Affirmative Defense**

As and for a Ninth Affirmative Defense, the Complaint is barred in whole or in part by the relevant statute of limitations.

**Tenth Affirmative Defense**

As and for a Tenth Affirmative Defense, the Complaint is barred in whole or in part by Plaintiff's repudiation of the 2019 Term Sheet.

WHEREFORE, Defendant Brannan respectfully requests that this honorable Court dismiss the Complaint with prejudice and award Defendant Brannan his costs and attorneys' fees and such other relief as the Court deems just and proper.

                                          JAMES W. BRANNAN,

                                          By his attorneys,

DATED: January 12, 2022         /s/ Seth W. Brewster
                                            Seth W. Brewster, Esq., Bar No. 3741
                                            Alfred J. Falzone, Esq., Bar No. 6497
                                            Counsel for Defendant James W. Brannan

EATON PEABODY
100 Middle Street
P.O. Box 15235
Portland, ME 04112-5235
(207) 274-5266
sbrewster@eatonpeabody.com
afalzone@eatonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2022, I electronically filed Defendant Brannan's Answer to the Complaint using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

/s/ Seth W. Brewster
Seth W. Brewster, Esq.