# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL NO. 20-cv-00262-NT |
| JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## AMENDED ANSWER OF AARON M. FREY IN HIS CAPACITY AS ATTORNEY GENERAL OF THE STATE OF MAINE

Pursuant to Fed. R. Civ. P. 8, Defendant Aaron Frey, in his capacity as Attorney General of the State of Maine, answers the Plaintiff's Complaint as follows:

1. With respect to the allegations in Paragraph 1 of the Complaint, the Attorney General admits that Robert Indiana was an artist and that he lived on Vinalhaven Island in Maine for some period of time until his death in 2018. The Attorney General is without sufficient information to either admit or deny the value of Mr. Indiana's estate or art. The Attorney General admits that Mr. Indiana's will directed that his estate be distributed to the Star of Hope Foundation ("SOH"). SOH is a Maine nonprofit corporation and that its purpose as stated in its Articles of Incorporation is (a) to promote the education of the public about the visual arts, and specifically, painting, sculpture, drawing, and printmaking by facilitating and arranging (1) for a

museum on Vinalhaven Island, Maine to open to the general public and (2) a structure on Vinalhaven Island, Maine, known as Star of Hope, to become a research and study center for visiting scholars in the visual arts, and the site of an artist-in-temporary-residence program, (b) to organize and promote public art exhibitions, seminars, symposia and scholarly publications and to collaborate with museums to achieve these public educational goals; and (c) to promote and undertake any charitable activity, which furthers, directly or indirectly, the enhancement of the visual arts; and to undertake, generally, any action or expenditure which will help support any individual visual artist or charitable or educational institution engaged in the above-noted activities.

2. The Attorney General admits that the Plaintiff and Defendant Estate are parties to litigation and related arbitration in federal court in New York. The Attorney General further admits that he has enforcement authority relating to charitable assets and governance under 5 M.R.S.A. § 194 and the common law. The Attorney General further admits that the Attorney General requested that the parties to all litigation relating to Mr. Indiana engage in mediation in Maine to try to reach a global settlement. The Attorney General is without sufficient information to either admit or deny the remaining allegations in Paragraph 2 of the Complaint.

3. The Attorney General admits that the parties to the Maine and New York litigations voluntarily participated in mediation in Portland, Maine, on November 25-26, 2019. The Attorney General further states that the purported Binding Term Sheet ("2019 Term Sheet") speaks for itself and Plaintiff's characterization of that document requires no further response.

4. The Attorney General denies the allegations in Paragraph 4 of the Complaint.

5.  Paragraph 5 of the Complaint is a request for legal relief to which no responsive pleading is required. To the extent a response is required, the Attorney General denies the allegations in Paragraph 5 of the Complaint.

6.  The Attorney General is without sufficient information to either admit or deny the allegations in Paragraph 6 of the Complaint.

7.  The Attorney General admits the allegations in Paragraph 7 of the Complaint.

8.  The Attorney General admits the allegations in Paragraph 8 of the Complaint.

9.  The Attorney General admits the allegations in Paragraph 9 of the Complaint.

10. The Attorney General admits the allegations in Paragraph 10 of the Complaint.

11. The Attorney General admits the allegations in Paragraph 11 of the Complaint.

12. The Attorney General admits that at some point Robert Indiana moved to Vinalhaven, Maine, where he died in August 2018. The Attorney General is without sufficient information to either admit or deny the remaining allegations in Paragraph 12 of the Complaint.

13. The Attorney General is without sufficient information to either admit or deny the allegations in Paragraph 13 of the Complaint.

14. The Attorney General is without sufficient information to either admit or deny the allegations in Paragraph 14 of the Complaint.

15. The Attorney General is without sufficient information to either admit or deny the allegations in Paragraph 15 of the Complaint.

16. The Attorney General is without sufficient information to admit or deny whether Mr. Indiana amassed a fortune and further states that the Knox County Probate Court records speak for themselves.

17. The Attorney General admits that the Star of Hope is a Maine non-profit corporation and is the beneficiary of Mr. Indiana's Estate. The Attorney General denies the remaining allegations in Paragraph 17 of the Complaint.

18. The Attorney General is without sufficient information to either admit or deny the allegations in Paragraph 18 of the Complaint.

19. The Attorney General is without sufficient information to either admit or deny that the allegations in Paragraph 19 of the Complaint.

20. The Attorney General admits the allegations in Paragraph 20 of the Complaint.

21. The Attorney General admits the allegations in Paragraph 21 of the Complaint.

22. The Attorney General admits that there is litigation in New York and further states that the Orders and Schedules in that matter speak for themselves. The Attorney General is without sufficient information to admit or deny the remaining allegations in Paragraph 22 of the Complaint.

23. The Attorney General admits that there is an arbitration schedule as alleged in Paragraph 23. The remaining statements characterizing that Order do not require a response.

24. The Attorney General admits that the Estate's Interim Probate Account dated December 2, 2019 showed that legal fees charged by the estate totaled $3,284,636.59 and Personal Representative fees totaled $500,000. The Attorney General is without sufficient information to admit or deny the remaining allegations in Paragraph 24.

25. The Attorney General admits that he has an enforcement role with respect to Maine charities as set forth in 5 M.R.S.A. §§ 194 et seq. and that he is concerned about litigation costs related to the Indiana Estate. The Attorney General denies the remaining allegations in Paragraph 25.

26. The Attorney General admits that multi party mediation occurred on November 25 and 26, 2019, with Patrick Coughlan acting as mediator, and that the Plaintiff and Defendant Indiana Estate entered into a 2019 Term Sheet. The Attorney General denies that he participated in mediation between the Estate and the Plaintiff and the remaining allegations in Paragraph 26 of the Complaint.

27. The Attorney General responds that the 2019 Term Sheet speaks for itself and no further response is required to the allegations in Paragraph 27.

28. The Attorney General responds that the 2019 Term Sheet speaks for itself and no further response is required to the allegations in Paragraph 28.

29. The Attorney General responds that the 2019 Term Sheet speaks for itself and no further response is required to the allegations in Paragraph 29 of the Complaint.

30. The Attorney General responds that the 2019 Term Sheet and the referenced Email speak for themselves and no further response is required to the allegations in Paragraph 30 of the Complaint.

31. The Attorney General admits that there is an arbitration proceeding pending and is without sufficient information to admit or deny the remaining allegations in Paragraph 31.

32. Paragraph 32 states a legal conclusion to which no response is required. To the extent a response is required, the Attorney General denies the allegations in Paragraph 32.

COUNT ONE

33. The Attorney General adopts by reference all answers to the allegations made above as if all were repeated herein in their entirety.

34. Paragraph 34 states a legal conclusion to which no response is required.

35. Paragraph 35 is a request for legal relief to which no response is required. To the extent that a response is required, the Attorney General denies the allegations in Paragraph 35.

36. Paragraph 36 of the Complaint contains characterizations and argument to which no responsive pleading is required.

37. The Attorney General admits that this court can and should decide the enforceability of the 2019 Term Sheet and otherwise denies the allegations in Paragraph 37.

38. The Attorney General responds that the 2019 Term Sheet speaks for itself. The remaining allegations in Paragraph 38 state conclusions to which no responsive pleading is required. To the extent that a response is required, the Attorney General denies the same.

39. Paragraph 39 states legal conclusions and a prayer for relief to which no responsive pleading is required. To the extent that a response is required, the Attorney General denies the allegations in Paragraph 39 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by waiver or estoppel.

3. Plaintiff is not entitled to equitable relief under the circumstances of this case.

4. The 2019 Term Sheet is unenforceable because it is contrary to public policy.

5. The 2019 Term Sheet is voidable as a breach of charitable trust in violation of 5 M.R.S.A. § 194 because the existence of the sole charitable beneficiary is at risk if the 2019 Term Sheet is implemented.

WHEREFORE, Attorney General Frey requests that judgment be entered in his favor and for such other relief as the Court deems just and appropriate, including attorneys' fees and costs.

Respectfully submitted,

Dated January 14, 2022                      /s/ Linda Conti
                                                                    LINDA CONTI
Assistant Attorney General
CHRISTINA M. MOYLAN
Assistant Attorney General
State House Station #6
Augusta, Maine 04333
(207) 626-8800
linda.conti@maine.gov
christina.moylan@maine.gov

Attorneys for Defendant Aaron M. Frey, in his capacity as Attorney General of the State of Maine

## CERTIFICATE OF SERVICE

      I, Christina M. Moylan, hereby certify that on January 14, 2022, I electronically filed the above document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants as identified in the CM/ECF electronic filing system for this matter.

Dated: January 14, 2022                  /s/ Christina M. Moylan
CHRISTINA M. MOYLAN
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800