**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| MICHAEL MCKENZIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:20-cv-00262-NT |
| | ) |
| JAMES W. BRANNAN, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT OF FINAL PRETRIAL CONFERENCE AND ORDER**

A final pretrial conference was held on June 30, 2022, via teleconference before Judge Torresen. John J. Markham appeared for the Plaintiff, Seth W. Brewster appeared for Defendant Brannan, and Christina M. Moylan appeared for Defendant Frey. The following matters were addressed and will govern the trial of this case.

**I.   Case Description**

In this case, Plaintiff Michael McKenzie seeks specific enforcement of a 2019 agreement (the "**2019 Term Sheet**") entered into by McKenzie d/b/a American Art Image and the estate of the late artist Robert Indiana (the "**Estate**"), as well as an injunction of pending arbitration proceedings in New York. The Plaintiff contends that the 2019 Term Sheet is an enforceable contract under Maine law and that the provisions of the 2019 Term Sheet extinguished the arbitration provision of a previous agreement entered into in 2008 (the "**2008 Agreement**"). Defendant James Brannan, personal representative of the Estate, asserts that the 2019 Term Sheet is not enforceable and/or that it did not extinguish the 2008 Agreement's arbitration provision. Moreover, Defendant Brannan argues that Plaintiff McKenzie repudiated the 2019 Term Sheet. Defendant Aaron Frey, the Maine Attorney General, raises the argument that the 2019 Term Sheet is invalid as contrary to public policy.

**II.   Trial Preparation**

A. <u>Discovery.</u> Discovery is complete. No outstanding discovery issues were identified at the conference.

B. <u>Pretrial Briefing.</u> Each party shall file by July 11, 2022, a brief setting forth its position on the issues. Each brief shall not exceed fifteen pages. The parties have agreed that responsive briefing is not necessary.

   C. <u>Motions *in Limine*.</u> The parties have indicated that they do not intend to file any motions *in limine*.

   D. <u>Maximum Number of Trial Days.</u> The case will require no more than three (3) full trial days.

## III. Trial Schedule

   A. <u>Trial Period.</u> The trial is tentatively scheduled to begin on July 20, 2022, at 8:30 a.m. Trial days will commence at 8:30 a.m. and end at 2:30 p.m., with a fifteen-minute break at approximately 10:15 am, and a fifteen-minute lunch break at approximately 12:30 p.m.

## IV. Trial Process

   A. <u>Stipulations.</u> The parties shall file any agreed-to stipulations by July 11, 2022.

   B. <u>Exhibits.</u> The parties shall exchange exhibits and shall then meet and confer regarding these exhibits. The parties shall jointly prepare two consolidated lists of all exhibits to be offered at trial, employing the form available on the Court's website—http://www.med.uscourts.gov/—by July 11, 2022. One list shall consist of all exhibits being offered without objection; the other shall consist of all exhibits for which the opposing party has an objection. Because this is a bench trial, two extra sets of exhibits shall be filed for me and my law clerk to review in advance of the trial, in addition to the original set of exhibits used at trial. *See* Local Rule 16.4(d).

   C. <u>Witnesses.</u> Each party shall file its witness list by July 11, 2022. For each witness, the list shall indicate (i) the witness's name and address; (ii) a concise statement of the general subject matter of the witness's testimony; and (iii) an estimate of the time required for the direct examination of the witness.

SO ORDERED.

/s/ Nancy Torresen  
United States District Judge

Dated this 30th day of June, 2022.