# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba, ) ) ) ) Plaintiff, ) ) v. ) ) JAMES W. BRANNAN, as personal ) representative of THE ESTATE OF ROBERT ) INDIANA, and AARON M. FREY, only in his ) official capacity as Attorney General of the ) State of Maine ) ) Defendants. ) | Civil Action No.: 2:20-cv-00262-NT |

## DEFENDANT BRANNAN'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE ABOUT MORGAN ART FOUNDATION

Defendant James W. Brannan ("Defendant," or "Brannan"), by and through his counsel hereby moves to exclude Plaintiff's proposed evidence about Morgan Art Foundation because such evidence is not relevant to the issues before this Court (and will consume a significant amount of trial time on matters not relevant to this action).

In Plaintiff's Trial Memorandum (ECF No. 113), Plaintiff Michael McKenzie ("Plaintiff" or "McKenzie") states as follows:

> That will be shown by the way they have ignored the serious allegations (Exhibit 104) made *by the Estate* against Morgan that dwarf the overblown allegations they now make against McKenzie. The Estate made claims in the New York action that millions of dollars of art sales proceeds that should have been paid to Indiana were instead hidden by Morgan and taken for Morgan's own profits. Despite this serious allegation, SOH is seemingly comfortable honoring the production contract it has now made with Morgan, while it has prevailed upon the Estate to attempt to renege on the Binding Term Sheet.

Pl. Trial Memo., at 13. None of these allegations have any relevance to the issues before the Court, as identified by the First Circuit: (1) Is the 2019 Term Sheet a valid and binding contract? or (2) did Plaintiff McKenzie repudiate the 2019 Term Sheet?

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if:

(a) it has any tendency to make a fact more or less probable that it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. Not only does this proposed Morgan Art Foundation evidence not satisfy Rule 401, it should be excluded under Rule 403 even if it were relevant.[1] The First Circuit has held that even relevant evidence must be excluded "when its 'probative value is substantially outweighed by . . . considerations of undue delay, or waste of time." *U.S. v. Catalan-Roman*, 585 F.3d 453, 469 (1st Cir. 2009) (quoting Fed. R. Evid. 403); *see also U.S. v. Beauchamp*, 986 F.2d 1, 4 (1st Cir. 1993); *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co*., 240 F.3d 1, 6 n.3 (1st Cir. 2001). The introduction of evidence pertaining to Morgan Art Foundation does nothing to answer or clarify issues before the court and, therefore, the any evidence about the Morgan Art Foundation would not be meaningful and would just be a waste of the Court's time.

For the reasons set forth above, Defendant moves the Court to exclude any proposed evidence of Morgan Art Foundation.

---

[1] Relevant evidence is not admissible if the evidence's "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

|                              |                                           |
|------------------------------|-------------------------------------------|
|                              | JAMES W. BRANNAN,                         |
|                              |                                           |
|                              | By his attorneys,                         |
|                              |                                           |
| DATED: July 13, 2022         | /s/ Seth W. Brewster                      |
|                              | Seth W. Brewster, Esq., Bar No. 3741      |
|                              | Alfred J. Falzone, Esq., Bar No. 6497     |
|                              | Counsel for Defendant James W. Brannan    |

EATON PEABODY
100 Middle Street
P.O. Box 15235
Portland, ME 04112-5235
(207) 274-5266
sbrewster@eatonpeabody.com
afalzone@eatonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2022, I electronically filed Defendant Brannan's Motion *in Limine* using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

/s/ Seth W. Brewster
Seth W. Brewster, Esq.
