# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 2:20-cv-00262-NT |
| v. | )<br>) |
| JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANT BRANNAN'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE ABOUT ANY ALLEGED FORGERY OF ARTWORK OR DISCUSSIONS ABOUT ROBERT INDIANA SIGNING ARTWORK

Defendant James W. Brannan ("Defendant," or "Brannan"), by and through his counsel hereby moves to exclude Plaintiff's proposed evidence about any alleged forgery of artwork or discussions about Robert Indiana signing artwork because such evidence is not relevant to the issues before this Court (and will consume a significant amount of trial time on matters not relevant to this action).

In Plaintiff's Witness List (ECF No. 114), Plaintiff Michael McKenzie ("Plaintiff" or "McKenzie") states as follows:

- "[K]nowledge of Indiana's collaborations with . . . McKenzie and . . . works he observed Indiana work on and sign and accept from McKenzie. . ." Pl. Witness List, at 1-2.

- "Indiana signing of artwork produced by McKenzie . . ." Pl. Witness List, at 2.

- "[I]nteractions with Indiana . . . observing Indiana sign artwork." Pl. Witness List, at 2.

Both discussions about alleged forgery or Indiana's signatures on artwork do not have any relevance to the current issues to be decided by this Court, as identified by the First Circuit: (1) is the 2019 Term Sheet a valid and binding contract? or (2) did Plaintiff McKenzie repudiate the 2019 Term Sheet?

According to Rule 401 of the Federal Rules of Evidence, evidence is relevant if:

(a) it has any tendency to make a fact more or less probable that it would be without evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. The proposed forgery and signature evidence does not meet either requirement of Rule 401. Neither forgery concerns nor signature claims would assist the Court in determining if the 2019 Term Sheet was a binding contract or if Plaintiff repudiated it.

Furthermore, even if this Court determines that evidence about alleged forgery of artwork and discussions about Robert Indiana signing artwork is relevant, it still must be excluded under Rule 403.[1] If the Court were to permit the proposed evidence, there would be substantial danger of a trial within a trial, wasting time and resources and potentially causing undue delay. Those dangers, coupled with the evidence's lack of any probative value, should sway this Court to exclude the evidence all together, just as it did in *Hall v. Mid-State Mach. Prod.*, 895 F. Supp. 2d 243, 272-73 (D. Me. 2012) (holding in part that evidence with "marginal probative value" should be excluded to avoid the risk of a trial within a trial). Unlike other cases previously heard in this Court that admitted evidence that would potentially waste time and cause undue delay, the

---

[1] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403

evidence pertaining to alleged forgery and Robert Indiana's signatures are not meaningful to the issues before the Court and have no probative value, and therefore should be inadmissible.[2]

For the reasons set forth above, Defendant moves the Court to exclude any proposed evidence of any alleged forgery of artwork or discussions about Robert Indiana not signing artwork.

JAMES W. BRANNAN,

By his attorneys,

DATED: July 13, 2022

/s/ Seth W. Brewster
Seth W. Brewster, Esq., Bar No. 3741
Alfred J. Falzone, Esq., Bar No. 6497
Counsel for Defendant James W. Brannan

EATON PEABODY
100 Middle Street
P.O. Box 15235
Portland, ME 04112-5235
(207) 274-5266
sbrewster@eatonpeabody.com
afalzone@eatonpeabody.com

---

[2] *See Martin v. Boulevard Motel Corp.*, 2:14-cv-00168-JAW, 2016 WL 917902 (D. Me., Mar. 10, 2016) (permitted testimony that could have cause a trial within a trial, undue delay, unfair prejudice, and wasted time because of its probative value, the witnesses would be called to testify on other matters, and a judge would be the factfinder).

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2022, I electronically filed Defendant Brannan's Motion *in Limine* using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

/s/ Seth W. Brewster
Seth W. Brewster, Esq.
