| | | |
|---|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 2:20-cv-00262-NT |
| v. | ) ) | |
| JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT BRANNAN'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF COMMENTS MADE BY THE MEDIATOR IN THE PORTLAND, MAINE, 2019 MEDIATION**

Defendant James W. Brannan ("Defendant," or "Brannan"), by and through his counsel hereby moves to exclude Plaintiff's proposed evidence about any comment made by the mediator in the Portland, Maine, 2019 mediation ("Mediation") as hearsay.

In Plaintiff's Witness List (ECF No. 114), Plaintiff Michael McKenzie ("Plaintiff" or "McKenzie") states as follows:

- McKenzie plans to testify about "his participation at the mediation . . ." Pl. Witness List, at 1.

- Larry Sterrs will testify about "his participation in the 2019 mediation . . ." Pl. Witness List, at 3.

Evidence of any comment or statement made by the mediator in the Mediation is inadmissible as hearsay under Rule 801, which prohibits statements that "the declarant [did] not make while testifying at the current trial or hearing" and are offered to "prove the truth of the matter asserted in the statement." *U.S. v. Serrano-Delgado*, 350 F. Supp. 3d 36, 37 (D.P.R. 2018)

(quoting Fed. R. Evid. 801(c)); *Handler v. Mayhew*, No. 1:11–cv–00308–JAW, 2013 WL 6858881, n. 7 (D. Me. Dec. 30, 2013). Any testimony from McKenzie or Larry Sterrs about the mediator's statements made during the Mediation must be precluded under Rule 801 as hearsay and cannot be admitted because there are no applicable exceptions.

Unless the statements are covered by an exception to the hearsay rule under Rules 803, 804, 806, or the residual exception, Rule 807, the statements are inadmissible. Fed. R. Evid. 802. Of the twenty-three hearsay exceptions listed in Rule 803, there are none that apply to the statements by the mediator. There are also no exceptions available under Rule 804 because the statements by the mediator are not any of the following types of evidence: former testimony, statements under the belief of imminent death, statements against interest, statements of personal or family history, or statements offered against a party that wrongfully caused the declarant's unavailability. *See* Fed. R. Evid. 804. Additionally, because McKenzie cannot sufficiently guarantee trustworthiness of statements by the mediator and has not properly given notice of his plan to use statements by the mediator, the statements are inadmissible under Rule 807. *See* Fed. R. Evid. 807. In fact, there is documentary evidence that the mediator did *not* believe that the 2019 Term Sheet was a final agreement, but that it was only an agreement to agree. *See* J. Ex. 17 (stating that the 2019 Term Sheet "contemplated the preparation of a more 'formal' Settlement Agreement and Production Agreement. These documents take time, and I would expect both parties to make a good faith effort to prepare such documents in a timely fashion.").

Regardless of the context, any testimony by McKenzie, Brannan, Boyle, Thomas, Gonzales, Schutz, or Sterrs about the Mediation that summarizes the statements of non-parties, even if they add their own details still "constitute[s] improper hearsay testimony" and is therefore not permitted under Rule 801. *See U.S. v. Rodriguez*, 525 F.3d 85, 96 (1st Cir. 2008)

(holding that a government agent's testimony that summarized the testimony of other witnesses and added details beyond it was improper hearsay testimony).

Even if the statements of the mediator were not hearsay, they would still be inadmissible on the grounds that they are not relevant. *See* Fed. R. Evid. 401. The opinion of an individual who is not a party to the 2019 Term Sheet has no relevance to the current issues to be decided by this Court, as identified by the First Circuit: (1) is the 2019 Term Sheet a valid and binding contract? or (2) did Plaintiff McKenzie repudiate the 2019 Term Sheet?

For the reasons set forth above, Defendant moves the Court to exclude any proposed evidence about any comment made by the mediator in the Portland, Maine, 2019 mediation as inadmissible hearsay.

JAMES W. BRANNAN,

By his attorneys,

DATED: July 13, 2022

/s/ Seth W. Brewster
Seth W. Brewster, Esq., Bar No. 3741
Alfred J. Falzone, Esq., Bar No. 6497
Counsel for Defendant James W. Brannan

EATON PEABODY
100 Middle Street
P.O. Box 15235
Portland, ME 04112-5235
(207) 274-5266
sbrewster@eatonpeabody.com
afalzone@eatonpeabody.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2022, I electronically filed Defendant Brannan's Motion *in Limine* using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

/s/ Seth W. Brewster
Seth W. Brewster, Esq.