IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba,<br><br>   Plaintiff,<br><br> v.<br><br>JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine<br><br>   Defendants. | )<br>)<br>)<br>)<br>) Civil Action No.: 2:20-cv-00262-NT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY OF DEFENDANT BRANNAN IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE THE MORGAN ART FOUNDATION EVIDENCE**

Defendant James W. Brannan ("Defendant," or "Brannan"), by and through his counsel, hereby submits this reply memorandum in support of his motion to exclude Plaintiff's proposed evidence about the Morgan Art Foundation.

Plaintiff's arguments for the admission of evidence regarding the Morgan Art Foundation's ("MAF") alleged conduct actually *underscore* the importance of excluding such evidence. In particular, Plaintiff claims as follows:

- "It is fair, McKenzie contends, to question how there could be a genuine concern by the AG about the Star of Hope dealing with McKenzie so much so that it is against public policy . . . while not even looking into the peccadillos of Morgan." Pl.'s Resp. 5.

- The Court should allow "questions of witnesses Sterrs, about why these claims against Morgan are of no concern to him but McKenzie is a pariah." *Id*.

- "[W]hy else would the AG's office be on its truly high horse about McKenzie's supposed misbehaviors, which we can prove

> is not as the AG contends it to be, while ignoring a massive criminal fraud by Morgan that is claimed to have deprived Indiana of millions of dollars that would now be poised to be in the pocket of the Star of Hope." *Id*.

In essence, McKenzie seeks to present evidence (and attempt to prove) that MAF's alleged conduct is worse than McKenzie's alleged conduct . . . and that the Estate/AG/Star of Hope should be pursuing MAF.

Even assuming *arguendo* that Morgan Art Foundation's alleged conduct constituted criminal fraud against the Estate, such conduct would still not be relevant to any issues before Court, including any public policy concerns that the Attorney General has for the Star of Hope. As Plaintiff admits, "nothing about the fraud and other misconduct of the Morgan Art Foundation is relevant to the issues raised by the First Circuit." Pl.'s Resp. 2. Indeed, if the misconduct of a non-party were relevant, virtually every criminal prosecution and governmental enforcement action would be inundated with evidence that the government should be pursuing some other bad actor. The probative value of such evidence is clearly "outweighed by . . . considerations of undue delay, or waste of time." *U.S. v. Catalan-Roman*, 585 F.3d 453, 469 (1st Cir. 2009) (quoting Fed. R. Evid. 403).

Moreover, if the Court were to open the door to allow evidence of Morgan Art Foundation's alleged bad conduct, then the Court likewise would have to allow all the evidence of McKenzie's bad conduct, which already was presented at both the AAA Arbitration and in the SDNY Action—an undertaking that would require weeks of trial time.

Accordingly, Defendant Brannan requests that the Court grant the motion to exclude the evidence about Morgan Art Foundation.

JAMES W. BRANNAN,

By his attorneys,

DATED: July 15, 2022　　　　　　　/s/ Seth W. Brewster
Seth W. Brewster, Esq., Bar No. 3741
Alfred J. Falzone, Esq., Bar No. 6497
Counsel for Defendant James W. Brannan

EATON PEABODY
100 Middle Street
P.O. Box 15235
Portland, ME  04112-5235
(207) 274-5266
sbrewster@eatonpeabody.com
afalzone@eatonpeabody.com

## CERTIFICATE OF SERVICE

    I hereby certify that on July 15, 2022, I electronically filed Defendant Brannan's Reply Memorandum in support of his Motion *in Limine* using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

/s/ Seth W. Brewster
Seth W. Brewster, Esq.