## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine,<br><br>    Defendants. | CIVIL NO. 2:20-cv-00262-NT |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO MOTION *IN LIMINE* (ECF 120) OF DEFENDANT BRANNAN ON BEHALF OF THE ESTATE OF ROBERT INDIANA

Plaintiff Michael McKenzie seeks the Court's consideration of this amended response as to the motion *in limine* (ECF 120) filed by Defendant James Brannan as personal representative of the Estate of Robert Indiana (herein the "Estate") as to excluding evidence of comments made by the mediator in the Portland, Maine 2019 Mediation.

In our response (ECF 125, p. 8), we stated

McKenzie agrees with the Estate that these Mediator statements made during the mediation are hearsay if offered for the truth of the matters asserted. We also admit that such statements are irrelevant if offered for the fact that they were said by him. McKenzie does not intend to offer any of the statements he made during the mediation.

We now supplement in light of review of the designations of deposition testimony that the Estate has served on the parties and intends to offer of Osvaldo Gonzalez, who attended the mediation with McKenzie. The Estate designated questioning of Mr. Gonzalez about the Binding Term Sheet in a deposition taken in the *Morgan Art Foundation v. McKenzie* case pending in the

1

Southern District of New York and their designation during one line of questioning cuts off right before a question posed to Mr. Gonzalez as whether the mediator advised the parties the Term Sheet would be binding. Subject to objections to the offering of the Gonzalez deposition testimony generally, if the deposition testimony of Gonzalez is permitted, McKenzie should be permitted to offer statements of the mediator, not for the truth of the matter asserted but for their impact on the state of mind of the mediation participants. *See,* Rule 801(c)(2); *Compare, e.g., Gomez v. Rivera Rodriguez*, 344 F.3d 103, 115 (1st Cir. 2003) ("While his testimony was not admissible for the purpose of proving what obligations the law imposed upon the Mayor, it was admissible to show the Mayor's understanding at the time and his ensuing state of mind"); *Diaz v. City of Somerville*, No. CV 19-11361-JCB, 2022 WL 328607, at *2 (D. Mass. Feb. 3, 2022) (proper for court to consider evidence "not for the truth of the matters asserted but as evidence of the state of mind of the relevant decision makers")

This is highly relevant to the issue before the Court of the parties' intent – as shown by the Estate's own Trial Brief (ECF 110, pp. 10-12) repeatedly raising the issue of the intent of the parties in entering the Binding Term Sheet.

Dated: July 15, 2022

Respectfully submitted,
/s/ *John J.E. Markham, II*
John J.E. Markham, II (Maine BBO No. 2674)
/s/ *Bridget A. Zerner*
Bridget A. Zerner (*Pro Hac Vice* – MA 669468)
MARKHAM & READ
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617)742-8604
jmarkham@markhamread.com
bzerner@markhamread.com

-and-

908 Maine Street
Waldoboro, Maine 04572
Tel: (207) 790-8049

## **CERTIFICATE OF SERVICE**

I, John J.E. Markham, II, do hereby certify that on July 15, 2022, I served a copy of the foregoing on all counsel of record via the CM/ECF filing system.

*/s/ Bridget Zerner*
Bridget A. Zerner