IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine<br><br>        Defendants. | Civil Action No.: 2:20-cv-00262-NT |

**REPLY TO PLAINTIFF'S SUPPLEMENTAL RESPONSE REGARDING DEFENDANT BRANNAN'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF COMMENTS MADE BY THE MEDIATOR IN THE PORTLAND, MAINE, 2019 MEDIATION**

Defendant James W. Brannan ("Defendant," or "Brannan"), by and through his counsel, hereby submits this reply memorandum in support of his motion to exclude Plaintiff's proposed evidence concerning any statements made by the mediator in the Portland, Maine, 2019 Mediation.

**A.** <u>**The Supplemental Response Is Untimely**</u>

It bears mentioning that Plaintiff's initial one-paragraph consent to Defendant's underlying motion *in limine* has now, well past the July 14, 2022, deadline, reversed direction entirely, changing from a consent to the motion to a vociferous objection to the exclusion of the mediator's hearsay statements. Defendant's motion should be granted based upon Plaintiff's failure to file a timely objection.

## B. The Gonzalez Deposition Designation Is Unrelated to Plaintiff's Untimely Reversal of Position

Defendant's designation of Mr. Gonzalez's testimony is tailored to those portions of his testimony that are relevant, and no part of those designations include statements made by the mediator. As set forth more fully in Defendant's underlying motion *in limine*, the mediator's statements are hearsay, and are not admissible under any exception. *See* Def.'s Mot. in Lim. 2-3.

Plaintiff now attempts an end-run around Rule 801, using Defendant's designation of Mr. Gonzalez's unrelated testimony as an excuse to change their previously-stated position. Plaintiff's reliance on *Gomez* is entirely misplaced, as that matter dealt with an attorney called as a witness and offering a legal opinion, but being improperly excluded under the requirements for expert witnesses—a completely different analysis than the hearsay question presented here. *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 114 (1st Cir. 2003). In this case, the mediator's statements about the Term Sheet are a hornbook example of hearsay—the out-of-court declarant's statement offered for the truth of the matter (that he actually made such a statement). Plaintiff is not offering such hearsay testimony for the declarant's (mediator's) state of mind—which is not relevant.

Instead, Plaintiff offers such hearsay testimony for the truth of the matter, i.e., that the mediator allegedly said it was a final agreement, so that McKenzie can instead explain <u>his</u> state of mind. In fact, the *Gomez* holding, when properly applied, would require that the mediator testify in-court about what was said before Plaintiff could testify about his state of mind.

## C. Such Evidence Also Should Be Excluded under Rule 403

Moreover, conveniently absent from Plaintiff's Supplemental Response is the very next portion of the First Circuit's ruling, wherein the Court states that the testimony "would have been subject to the balancing test mandated by Evidence Rule 403." *Id.* at 115. The Circuit in *Gomez*

did not reach the necessary Rule 403 analysis, because the trial court only excluded the testimony pursuant to Rule 801. But, as laid out in Defendant's underlying motion, the probative value of the mediator's statements greatly outweighed by its likelihood to be cumulative and waste valuable trial time. *See* Def.'s Mot. in Lim. 3. Thus, even if the mediator's statements were admissible under Plaintiff's tortuous hearsay exception analysis, they would still be necessarily excluded under Rule 403.

Accordingly, Defendant Brannan requests that the Court grant the motion to exclude any evidence of comments made by the mediator in the Portland, Maine, 2019 Mediation.

JAMES W. BRANNAN,

By his attorneys,

DATED: July 15, 2022

/s/ Seth W. Brewster
Seth W. Brewster, Esq., Bar No. 3741
Alfred J. Falzone, Esq., Bar No. 6497
Counsel for Defendant James W. Brannan

EATON PEABODY
100 Middle Street
P.O. Box 15235
Portland, ME 04112-5235
(207) 274-5266
sbrewster@eatonpeabody.com
afalzone@eatonpeabody.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2022, I electronically filed Defendant Brannan's Reply memorandum in support of his Motion *in Limine* using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

/s/ Seth W. Brewster
Seth W. Brewster, Esq.
