IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine,<br><br>    Defendants. | CIVIL NO. 2:20-cv-00262-NT |

**PLAINTIFF'S BRIEF IN RESPONSE TO PRIVILEGE CLAIM BY DEFENDANT BRANNAN ON BEHALF OF THE ESTATE RE EXHIBITS 102 and 103**

Plaintiff Michael McKenzie submits this response to the privilege claim asserted by the Estate to Exhibits 102 and 103 which are both email communications involving James Brannan, counsel for the Estate, Larry Sterrs of the Star of Hope, and counsel for the Star of Hope in December 2019 and January 2020.

Under Federal Rule of Evidence 501, federal courts sitting in diversity jurisdiction apply the substantive law of the forum state to resolve questions of attorney-client privilege. See Fed. R. Evid. 501. The party seeking to protect the documents bears the burden of establishing that they are privileged. *Maine v. U.S. DOI*, 298 F.3d 60, 71 (1st Cir. 2002).

The Estate has not met their burden under the facts of this case and the case law they cite to assert a privilege to the emails. The Estate cited to *Agganis v. T-Mobile USA, Inc.*, No. 1:15-CV-00417-DBH, 2017 WL 11595024, at *2 (D. Me. Feb. 2, 2017) which is a case where federal common law controlled the assertion of the attorney-client privilege and provides:

> "The common-interest doctrine is typically understood to apply when two or more clients consult or retain an attorney on particular matters of common interest. In such a situation, the communications between each of them and the attorney are privileged against third parties. Similarly, the privilege applies to communications made by the client or the client's lawyer to a lawyer representing another in a matter of common interest." [internal quotations and citations omitted] "The term 'common interest' typically entails an identical (or nearly identical) legal interest as opposed to a merely similar interest."

*See also*, *In re Grand Jury Subpoena*, 274 F.3d 563, 572 (1st Cir. 2001) ( "The joint defense privilege protects communications between an individual and an attorney for another when the communications are 'part of an ongoing and joint effort to set up a common defense strategy.' ")

The Estate has not met the above standard or Maine law that applies here where the common interest component of the privilege prevents clients from waiving the attorney-client privilege when attorney-client communications are shared with a third person who has a common legal interest with respect to the communications, such as a co-defendant. *See, Citizens Commc'ns Co. v. Att'y Gen.*, 2007 ME 114, ¶ 16, 931 A.2d 503, 506. The Estate and Star of Hope were not co-defendants in any of the litigation and the evidence has already shown that they were not in the same rooms for the Portland mediation, did not cooperate together in negotiating the Term Sheet, and thereafter took adverse positions. *See*, disputes between Estate and Star of Hope regarding Term Sheet: ECF 46 and 46-1 (filing by Attorney General and Larry Sterrs of Star of Hope); ECF 50-1 (Declaration of Attorney Boyle for the Estate); ECF 52-1 (Declaration of Attorney Brewster when representing the Star of Hope, including at paragraph 11: "At no point during the course of the day did the Estate seek the input of the Star of Hope on the Estate's ongoing negotiations with McKenzie")

Second, the disclosure of these emails was not inadvertent like the case cited by the Estate. *In Ergo Licensing, LLC v. Carefusion* 303, Inc., 263 F.R.D. 40, 43 (D. Me. 2009), documents were produced after a privilege review, less than a month later the receiving party

sought to amend their answer and provided an amended answer which notified the producing party that they had produced documents believed to be privileged because they were quoted in the proposed amended answer. Counsel for the producing party checked the documents and realized an inadvertent production of privileged documents was made and *within one day* gave notice of the inadvertent disclosure and sought to claw back the documents.

In contrast here, the Estate produced these emails over a year ago in the New York arbitration. The documents were produced on January 4, 2021. (Estate counsel cover letter identifying second production of documents, bearing the Bates range RI0003513 to RI0004703) (Exhibits 102 and 103 offered here are Bates numbered RI0003752 and RI0003873) Witness Osvaldo Gonzalez described the content of the emails during his deposition on January 28, 2021. McKenzie thereafter listed these emails on his exhibit list on March 11, 2021 which had to be exchanged with Estate counsel. McKenzie thereafter cited to the emails (his exhibits) in his Post-Hearing Reply Memorandum submitted in the arbitration on November 15, 2021. These emails were brought to the attention of the Estate at least three times in the arbitration last year and no claim of privilege was raised. Then, the Estate produced these same emails yet again to McKenzie in this action this year by new counsel for the Estate.

Even if there was a privilege, "a person who has a privilege under these rules waives the privilege if the person or the person's predecessor while holding the privilege voluntarily discloses or consents to the disclosure of any significant part of the privileged matter." Me. R. Evid. 510. This is not a case where the disclosure was "compelled erroneously" or "made without opportunity to claim the privilege." Me R. Evid. 511. The Estate has not shown an inadvertent disclosure or any other grounds to claim privilege to these emails.

Dated: July 20, 2022                           Respectfully submitted,

/s/ Bridget A. Zerner
Bridget A. Zerner (*Pro Hac Vice* – MA 669468)
MARKHAM & READ
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617)742-8604
jmarkham@markhamread.com
bzerner@markhamread.com

-and-

908 Maine Street
Waldoboro, Maine 04572
Tel: (207) 790-8049

# CERTIFICATE OF SERVICE

I, Bridget A. Zerner, do hereby certify that on July 20, 2022, I served a copy of the foregoing on all counsel of record via the CM/ECF filing system.


/s/ Bridget Zerner
Bridget A. Zerner