## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba, | )<br>)<br>)<br>) |
| Plaintiff, | ) Civil Action No.: 2:20-cv-00262-NT |
| v. | )<br>) |
| JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S BRIEF IN RESPONSE TO PRIVILEGE CLAIM BY DEFENDANT BRANNAN ON BEHALF OF THE ESTATE RE EXHIBITS 102 AND 103**

Defendant, James W. Brannan ("Defendant" or "Brannan"), as personal representative of the Estate of Robert Indiana (the "Estate"), by and through his undersigned counsel hereby responds in opposition to Plaintiff, Michael McKenzie's ("Plaintiff" or "McKenzie") Brief in Response to Privilege Claim By Defendant Brannan on Behalf of the Estate Re Exhibits 102 and 103 (the "McKenzie Brief"), and in support thereof, states the following:

Star of Hope Inc. ("Star of Hope"), and by extension, Larry Sterrs ("Sterrs"), is the sole beneficiary of the Estate and exists only so long as the Estate can support it. Defendant, Star of Hope, and Sterrs (collectively, the "Defense Parties"), therefore, have a clear common interest in the outcome of this litigation. In furtherance of that common interest, Defendant, Star of Hope, Sterrs, and their respective counsel exchanged the emails that were inadvertently included in Defendant's production and later marked as Exhibits 102 and 103. Those exhibits plainly fall

{EP - 04282638 - v1 }

under the joint defense privilege, or "common interest" rule, and Defendant effectively preserved that privilege by promptly demanding their return upon learning of their disclosure.

I. The Defense Parties Are Not Required To Be Co-Defendants or Aligned In Interest Absolutely To Assert The "Common Interest" Rule and Have Demonstrated Sufficiently A Common Interest In This Action.

Contrary to Plaintiff's assertion, there is no requirement that parties be co-defendants in an action for the "common interest" rule to apply, only that they have a common interest. *See* Restatement (Third) of the Law Governing Lawyers § 76 (2000) ("Although joint defense of a pending lawsuit is a common situation in which courts have applied the doctrine, its rationale and the Section apply equally to two or more separately represented persons whatever their denomination in pleadings and whether or not involved in litigation."); *In re Grand Jury Subpoena*, 274 F.3d 563, 572 (1st Cir. 2001) ("Because the privilege sometimes may apply outside the context of actual litigation, what the parties call a 'joint defense' privilege is more aptly termed the 'common interest' rule." (quotation marks and citations omitted)). Nor does the doctrine require that parties asserting the privilege are aligned in interest absolutely. *See, e.g., United States v. Bay State Ambulance & Hosp. Rental Serv., Inc.*, 874 F.2d 20, 28 (1st Cir. 1989) ("Communications to an attorney to establish a common defense strategy are privileged even though the attorney represents another client with some adverse interests." (quoting *Eisenberg v. Gagnon*, 766 F.2d 770, 787–88 (3d Cir.), *cert. denied*, 474 U.S. 946, 106 S.Ct. 342, 343, 88 L.Ed.2d 290 (1985) (superseded on separate grounds)). The Defense Parties are clearly aligned in interest as it relates to the present action, as Star of Hope, and Sterrs in his capacity as principal of Star of Hope, rely entirely on the Estate for funding and continued viability. Each of the Defense Parties, therefore, has a common interest in Defendant's successful defense of the

present action and acted in furtherance of that common interest when exchanging the emails that constitute Exhibits 102 and 103.

II. Disclosure of Exhibits 102 and 103 Was Inadvertent And Defendant Acted Immediately Upon Realizing Their Disclosure.

Generally, disclosure of privileged material does not operate as a waiver if: (1) the disclosure was inadvertent; (2) the disclosing party took reasonable steps to prevent disclosure; and (3) the disclosing party promptly took reasonable steps to rectify the disclosure. *See* F.R. Evid 502(b); *see also Ergo Licensing, LLC v. Carefusion 303, Inc.*, 263 F.R.D. 40, 46 (D. Me. 2009) (quoting *Rhoades v. Young Women's Christian Ass'n*, No. 09–261, 2009 WL 3319820, at *2 (W.D.Pa. Oct.14, 2009)).

In *Ergo Licensing*, the plaintiff inadvertently sent privileged emails to the defendant in a production and only learned of the disclosure when the defendant later quoted the emails in its amended answer. *See Ergo Licensing,* 263 F.R.D. at 43. Upon realizing the inadvertent disclosure, the plaintiff promptly notified the defendant, who refused to return the documents and requested a conference with the court. *See id*. The court (Rich, Mag. J.) held that the plaintiff's prompt action after learning of the disclosure was enough to preserve the privilege, despite the plaintiff not learning of the disclosure independently. *See id*. at 46 (there is "no requirement that [the disclosing party] check its production once again immediately after it has been served"). The court *was* concerned with the volume of privileged documents the plaintiff disclosed, 6% of the total production, though not so much as to waive the privilege. *See id*. at 46-47; *compare Rhodes*, No. 09–261, 2009 WL 3319820, at *3 (4 pages of privileged material among 1600 pages of production worked in favor of preserving the privilege).

Here, as in *Ergo Licensing*, Defendant first learned of the inadvertent disclosure of Joint Exhibits 102 and 103 during Defendant's deposition on June 2, 2022, wherein Defendant's

counsel immediately, and on the record, identified the documents as privileged and stated that he wanted them returned. Defendant reiterated that demand in an email to counsel for Plaintiff on July 19, 2022, after Plaintiff had failed to return or otherwise sequester the document, which demand Plaintiff again refused. Additionally, the inadvertently disclosed documents account for only 9 pages, or less than .2 percent, of a more than 5000-page production, even less than the volume of disclosed documents in *Rhodes*. Finally, the emails at issue relate directly to the Defense Parties' defensive strategy and maintaining the privilege will serve the overriding interest of justice by encouraging open and frank discussions between similarly-situated parties with a common interest.

For these reasons, and the reasons stated on the record before the court, Defendant is entitled to assert the joint defense privilege, or "common interest" rule, in Exhibits 102 and 103 and the inadvertent disclosure of those documents did not waive such privilege.

JAMES W. BRANNAN,

By his attorneys,

DATED: July 20, 2022

/s/ Micah A. Smart
Seth W. Brewster, Esq., Bar No. 3741
Alfred J. Falzone, Esq., Bar No. 6497
Micah A. Smart, Esq., Bar No. 5771
Counsel for Defendant James W. Brannan

EATON PEABODY
100 Middle Street
P.O. Box 15235
Portland, ME 04112-5235
(207) 274-5266
sbrewster@eatonpeabody.com
afalzone@eatonpeabody.com
msmart@eatonpeabody.com