IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine,<br><br>    Defendants. | CIVIL NO. 2:20-cv-00262-NT |

**PLAINTIFF'S BRIEF RE
PLAINTIFF OFFERING THE TESTIMONY OF WITNESS GONZALEZ IF THE DEFENDANT ESTATE DECIDES NOT TO OFFER THE TESTIMONY**

On July 11, 2022, the Estate identified Osvaldo Gonzalez on their Witness List (ECF 109) and McKenzie did not (Witness List at ECF 114). On July 14, 2022, the Estate served its transcript designations for the Gonzalez testimony confirming that he would not be appearing to testify and the parties understand he is outside of the subpoena power of this Court. On July 16, 2022, McKenzie served his objections and counter-designations. The Estate has now indicated that they may not use the Gonzalez testimony in their case and have raised an objection, joined by the Attorney General, that in that circumstance, McKenzie should not be permitted to offer the testimony himself because Gonzalez was not on the Plaintiff Witness List.

The Court may and should allow the testimony of Gonzalez as offered by McKenzie in this situation. "The exclusion of otherwise admissible testimony for failure to meet a timing requirement is an extreme measure to be avoided where possible." *Cent. Maine Power Co. v. Foster Wheeler Corp.*, 115 F.R.D. 295, 297 (D. Me. 1987) This issue is to be resolved by the

exercise of the Court's discretion. *Id.* "[T]he two most important factors to be considered are the prejudice and surprise suffered by the opposing party, and that party's ability to cure the prejudice." *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 7 (1st Cir. 1985) "It is noteworthy that, in those cases in which testimony was held properly excluded, the courts have found some evasion or concealment, intentional or not, on the part of the litigant offering the evidence." *Id.*

> A recent case in the District of Puerto Rico provides an example:
>
> First, Plaintiff contends that "Defendant did not list Guillermo Dávila ("Mr. Dávila"), Mayra Mendoza ("Ms. Mendoza"), Madeline Cortés ("Ms. Cortés") Carmelo Moyeno ("Mr. Moyeno") as individuals likely to have discoverable information as required by Federal Rule of Civil Procedure 26(a)(1)(A) or witnesses in the originally filed joint proposed pretrial order filed on December 2, 2020 (ECF No. 107 at 62–63). ECF No. 202 at 3. Therefore, Plaintiff requests that that the court preclude these four witnesses from testifying at trial. Defendant does not dispute that it did not disclose Mr. Dávila, Ms. Mendoza, Ms. Cortés, or Mr. Moyeno in its Rule 26(a)(1) disclosures but contends that witness exclusion is "too severe a sanction" without a determination of actual harm when the parties were clearly aware of the potential witnesses at issue.
>
> \*   \*   \*   \*
>
> As for Mr. Moyeno, his name appears in the list of witnesses in the initial scheduling conference memorandum. ECF No. 38 at 26. Plaintiff also announced Mr. Moyeno as a witness in Plaintiff's case-in-chief. ECF No. 187 at 97.
>
> At trial, the court will allow a party to call during its case in chief a witness announced by the opposing party if the party that originally intended to call that witness decides not to call that witness to the stand. As a witness appearing in Plaintiff's case-in-chief, it cannot be said that Plaintiff will be surprised or prejudiced by the Defendant's decision to reserve the right to call Mr. Moyeno as a witness for Defendant. Therefore, the court finds that Defendant's failure to declare Mr. Moyeno as a witness until the most recent revised joint proposed pretrial order was harmless, and Defendant may call Mr. Moyeno as a witness at trial.

*Gonzalez Tomasini v. United States Postal Serv.*, 2022 WL 2816716, (D.P.R. July 19, 2022) (Slip Copy) Likewise, there is no surprise or prejudice to the Estate where the Estate listed Gonzalez as a witness and McKenzie served counter-designations of his deposition testimony promptly and before the trial began. The Estate has long had the depositions from the other cases where the Estate is a party and there has certainly been no evasion or concealment by McKenzie.

2

|  |  |
|---|---|
| Dated: July 21, 2022 | Respectfully submitted,<br>*/s/ Bridget A. Zerner*<br>Bridget A. Zerner (*Pro Hac Vice* – MA 669468)<br>MARKHAM READ ZERNER LLC<br>One Commercial Wharf West<br>Boston, Massachusetts 02110<br>Tel: (617) 523-6329<br>Fax: (617)742-8604<br>bzerner@markhamreadzerner.com<br><br>-and-<br><br>908 Maine Street<br>Waldoboro, Maine 04572<br>Tel: (207) 790-8049 |

**CERTIFICATE OF SERVICE**

I, Bridget A. Zerner, do hereby certify that on July 21, 2022, I served a copy of the foregoing on all counsel of record via the CM/ECF filing system.


 */s/ Bridget Zerner*
Bridget A. Zerner