IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba, | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No.: 2:20-cv-00262-NT |
| v. | ) ) ) |
| JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine | ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S BRIEF
ON PLAINTIFF OFFERING THE TESTIMONY OF OSVALDO GONZALEZ**

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

**Plaintiff's Choice Not to Designate Mr. Gonzalez Is Not a Substantially Justified Failure**

Plaintiff had ample opportunity to designate witnesses for trial in this matter and did so. Several witnesses appear on the witness lists of both parties, including Michael McKenzie, James Brannan, and Larry Sterrs. *See* Pl.'s Witness List [ECF 114]; Def.'s Witness List [ECF 109]. Plaintiff's reliance on *Central Maine Power* to justify his choice is misplaced, as this is not a "failure to meet a timing requirement." *Cent. Maine Power Co. v. Foster Wheeler Corp.*, 115 F.R.D. 295, 297 (D. Me. 1987). Plaintiff failed to place Osvaldo Gonzalez on his witness list and has made no showing as to how this failure was substantially justified.

1

**Allowing Plaintiff to Call Mr. Gonzalez Would Cause Harm to the Estate**

The Estate would be significantly harmed if Plaintiff is allowed to call Mr. Gonzalez in violation of Rule 37(c)(1). Defendant reserved Mr. Gonzalez's testimony for the end of the trial because it was not clear that the risk of introducing his testimony would outweigh the benefit to the Court's analysis of the facts. Defendant's designations of Mr. Gonzalez's testimony were narrowly tailored to issues before the Court, as remanded from the First Circuit. Over the course of the trial, Plaintiff has been able to adduce evidence vindicating Mr. McKenzie's alleged misdeeds. While it remains Defendant's position that such evidence is irrelevant, allowing Plaintiff to now cherry-pick bolstering testimony from Mr. Gonzalez's past depositions will significantly hamper the defense's efforts to tailor evidence to the issues. Thus, allowing Plaintiff to call him after Defendant has withdrawn him would not be "harmless." Fed. R. Civ. P. 37(c)(1).

**Plaintiff's Case Law Misses the Mark**

The relevant case law cited by Plaintiff chiefly concerns expert witnesses. See *Cent. Maine Power Co. v. Foster Wheeler Corp.*, 115 F.R.D. 295, 297 (D. Me. 1987); *Johnson v. H.K. Webster, Inc.*, 775 F.2d 1, 4 (1st Cir. 1985). While these cases may support Plaintiff's argument, they do not focus on the appropriate Rule 37(c)(1) test.

Even where it properly implicates lay witness testimony, Plaintiff's case law is distinguishable from the case at bar. In *Tomasini*, the defendant amended its witness list in a revised joint proposed pretrial order. See *Gonzalez Tomasini v. United States Postal Serv.*, 2022 WL 2816716, at *1 (D.P.R. July 19, 2022). This amendment took place well before trial, and thus the *Tomasini* court allowed the lay witness testimony. Here, Plaintiff did not amend his witness list prior to trial—or at all—but, at the end of the second day of a three-day trial, after

withdrawing two of his own lay witnesses and after learning that Defendant was withdrawing Mr. Gonzalez as a witness, now seeks to violate Rule 37(c)(1).

**The First Circuit Precludes Unlisted Witness Testimony**

In contrast to *Tomasini*, the First Circuit in 2016 held that, where a proposed witness "had not been announced as a witness for the Plaintiffs," this failure to announce the witness alone was sufficient to justify the exclusion of the witness's testimony. *Reyes-Orta v. Puerto Rico Highway & Transp. Auth.*, 811 F.3d 67, 75 n. 4 (1st Cir. 2016).

JAMES W. BRANNAN,

By his attorneys,

DATED: July 22, 2022 /s/ Alfred J. Falzone
Seth W. Brewster, Esq., Bar No. 3741
Alfred J. Falzone, Esq., Bar No. 6497
Micah A. Smart, Esq., Bar No. 5771
Counsel for Defendant James W. Brannan

EATON PEABODY
100 Middle Street
P.O. Box 15235
Portland, ME 04112-5235
(207) 274-5266
sbrewster@eatonpeabody.com
afalzone@eatonpeabody.com
msmart@eatonpeabody.com