# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL MCKENZIE, individually and doing business as AMERICAN IMAGE ART, an unincorporated dba,<br><br>Plaintiff,<br><br>v.<br><br>JAMES W. BRANNAN, as personal representative of THE ESTATE OF ROBERT INDIANA, and AARON M. FREY, only in his official capacity as Attorney General of the State of Maine,<br><br>Defendants. | CIVIL NO. 2:20-cv-00262-NT |

**MICHAEL MCKENZIE'S RESPONSE TO BILL OF COSTS (DKT. NO. 157) SUBMITTED BY THE ESTATE**

Plaintiff Michael McKenzie, through the undersigned counsel of record, responds to the Bill of Costs (Dkt. No. 157) submitted by James W. Brannan, as personal representative of the Estate of Robert Indiana and makes the following objections to the costs claimed:

1. <u>Witness Fees</u> (Dkt. No. 157, p. 2): McKenzie objects to the witness fees for Sigmund Schultz and John Simoni (totaling **$80.63**) because those witnesses were not called to testify at trial, their depositions were not taken during discovery, and otherwise no need was established for their testimony.

2. <u>PACER Court Copies</u> (Dkt. No. 157, p. 3): McKenzie objects to the PACER costs claimed totaling **$115.60**. There is no identification of what documents are listed to explain why they were necessary and, additionally, parties to the case receive a free copy of every court document filed in the case.

1

3. <u>Deposition Transcript for Osvaldo Gonzalez</u> (Dkt. No. 157, p. 4): McKenzie objects to paying for the Estate's copy of the Gonzalez transcript (**$959.60**) which was taken in the case, *Morgan v. McKenzie* (SDNY) and included examination by Morgan counsel irrelevant to this case. This testimony was not necessary for trial and was not used at trial. McKenzie served objections to the use of this particular transcript as irrelevant during trial and ultimately the Estate did not offer it and sought to preclude Gonzalez as a witness entirely (Dkt. No. 135). *See, e.g., Guzman v. Boeing Co.*, No. CV 13-12615-JGD, 2019 WL 468195, at *2 (D. Mass. Feb. 6, 2019) (where "record does not show that the plaintiff used the other witnesses' deposition transcripts at trial" and "failed to articulate any special circumstances warranting the recovery of these fees," defendant not responsible for paying the deposition transcript costs); *Clukey v. Town of Camden*, No. 2:11-CV-00372-GZS, 2017 WL 75861, at *1 (D. Me. Jan. 6, 2017) (transcript cost not taxed where necessity unclear including because witness did not testify at trial, transcript was not clearly referenced in any motion or summary judgment work in the case, and party claiming cost has not provided explanatory or supportive information about its use)

4. <u>Deposition – Additional Costs</u> (Dkt. No. 157, p. 7): McKenzie objects to the extra costs included related to the deposition transcripts:

   <u>Lawrence Sterrs Transcript</u>: Mini w Word Index: $35.00 and Shipping: $14.50.

   <u>James Brannan Transcript</u>: Mini w Word Index: $35.00 and Shipping: $14.00.

   <u>Michael McKenzie Transcript</u>: Electronic Exhibit Processing and Handling for $293.80; Virtual Video Meeting Technician and Videographer for $831.25; Shipping for $19.95.

   Above additional costs objected to total: **$1,243.50.**

The Estate is only entitled to the transcript cost and appearance fees for necessary depositions and not these additional costs. The condensed transcripts with word indices and exhibit handling are for convenience of counsel and not taxable and there was no use of any video of the McKenzie deposition nor any need for it established. *See, e.g.*, *Long v. OFC. Brent Abbott*, No. 2:15-CV-00291-JAW, 2017 WL 2912404, at *3 (D. Me. July 7, 2017) ("Postage, shipping and handling costs for depositions are considered ordinary business expenses that may not be charged as taxable costs in relation to obtaining transcripts. … Additional charges for word indices and photocopies that were incurred for the convenience of counsel are also not allowed."); *Pollack v. Reg'l Sch. Union No. 75*, No. 2:13-CV-00109-NT, 2018 WL 3015239, at *2 (D. Me. June 15, 2018)(Court considers whether the video recording had a legitimate use independent from or in addition to the stenographic transcript and obtaining video recording for trial preparation and in anticipation of impeachment at trial or in the event witness was unable to testify in person found to be insufficient to justify the taxation of both transcripts, "especially where the video recordings were, in fact, not used in this case and stenographic transcripts alone could have been used for the stated purpose")

Based on the foregoing, the costs claimed should be reduced by a total of **$2,399.33**.

Dated: April 3, 2023   Respectfully Submitted,

*/s/ John J.E. Markham, II*
John J.E. Markham, II (ME Bar No. 2674)
MARKHAM READ ZERNER LLC
908 Maine Street
Waldoboro, Maine 04572
Tel: (207) 790-8049
and
11A Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329

3

Fax: (617)742-8604
jmarkham@markhamreadzerner.com
Attorneys for Michael McKenzie

## CERTIFICATE OF SERVICE

I, Bridget A. Zerner, do hereby certify that on April 3, 2023, I served a copy of the foregoing on all counsel of record via the CM/ECF filing system.

*/s/ Bridget A. Zerner*
Bridget A. Zerner